**Linda J. Larkin**, OSB# 792954
E-mail: linda@bennetthartman.com
**BENNETT HARTMAN, LLP**
210 SW Morrison Street, Suite 500
Portland, OR   97204-3149
Telephone:  503-227-4600
Facsimile:  503-248-6800
**Attorney for All Plaintiffs**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TIMOTHY J. GAUTHIER AND GARTH BACHMAN, TRUSTEES OF THE OREGON AND SOUTHWEST WASHINGTON NECA-IBEW ELECTRICAL WORKERS AUDIT COMMITTEE,<br><br>Plaintiffs,<br><br>vs.<br><br>VITRO ELECTRIC, LLC.,<br><br>Defendant. | Civil No. _____<br><br>COMPLAINT<br><br>(ERISA Action for Delinquent Contributions, Pendent Claims for Breach of Agreement) |

## PARTIES

1. At all material times hereto, Plaintiffs Timothy J. Gauthier and Garth Bachman are Trustees of and comprise the Oregon-Southwest Washington NECA-IBEW Electrical Workers Audit Committee (the "Audit Committee"), and are the designated collection agents for the trustees of the Trust Funds, authorized to collect from signatory employers the fringe benefit contributions and other amounts required to be paid by employers or withheld from their

employees' wages, under the Collective Bargaining Agreements ("CBAs") and the provisions of the Trust Agreements.

2.     Pursuant to the terms of the CBAs, and pursuant to policies and procedures agreed upon by the Oregon-Columbia Chapter of National Electrical Contractors Association ("NECA"), International Brotherhood of Electrical Workers Local 48 ("IBEW L. 48"), International Brotherhood of Electrical Workers Harrison Electrical Workers Trust Fund ("Harrison Trust"), Edison Pension Trust ("Edison Trust"), National Electrical Benefit Fund ("NEBF"), International Brotherhood of Electrical Workers District No. 9 Pension Plan ("District 9 Pension Plan"), NECA-IBEW Electrical Training Trust ("Training Trust"), and the Barnes-Allison Labor-Management Cooperation Trust Committee ("BALMCC"), the Audit Committee is authorized to take appropriate action, on behalf of the Trust Funds and IBEW L. 48 to collect all amounts owed by an employer under, and enforce the terms of, the CBAs requiring payment of wage withholdings, fringe benefit contributions, interest, liquidated damages, and collection costs.

3.     At all material times hereto, Harrison Trust is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA. Harrison Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

4.     At all material times hereto, Edison Trust is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of the Employee Retirement Income Security Act of 1974, as amended (ERISA). Edison Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

5. At all material times hereto, NEBF is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA. NEBF is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

6. At all material times hereto, District No. 9 Pension Plan is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA. District 9 Pension Plan is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

7. At all material times hereto, the Training Trust was and is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA. The Training Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

8. At all material times hereto, BALMCC was and is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA. BALMCC is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

9. At all material times hereto, IBEW L. 48 is a labor organization with its principal office and place of business in Multnomah County, Oregon, representing employees of the defendant.

10. Herein, Harrison Trust, Edison Trust, NEBF, Training Trust, BALMCC, and District 9 Pension together will be collectively referred to as the Trust Funds ("Trust Funds").

11. At all material times hereto, defendant Vitro Electric LLC. ("Vitro Electric") was and is an Oregon limited liability corporation registered to do business in Oregon.

## JURISDICTION AND VENUE

12. This court has jurisdiction over the First, Second and Third Claims for Relief brought pursuant to Sections 502 and 515 of ERISA, 29 USC §§ 1132 and 1145, and pursuant to 29 USC §185.

13. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 USA § 1132.

14. At all material times to this proceeding, defendant Vitro Electric was bound by written CBAs with IBEW L. 48.

15. Plaintiffs maintain their principal office, within the meaning of 29 USC § 1132(k), in the District of Oregon.

16. By virtue of the provisions in the CBAs, Vitro Electric agreed to be bound to the terms of the Trust Agreements and plans for each fringe benefit fund, and acknowledged, accepted, and agreed to the delegation of the collection authority to the Audit Committee.

17. The Trust Agreements provide that plaintiffs may initiate legal proceedings in the venue of Multnomah County, Oregon.

18. The Court should assume pendent jurisdiction over the Fourth and Fifth Claims for Relief against defendant which allege breach of contract for the following reasons:

    a. The Court has jurisdiction over Plaintiffs' First, Second and Third Claims for Relief which alleges violations of ERISA and of the LMRA;

    b. The Fourth and Fifth Claims for breach of contract are based upon the same operative facts which are alleged in Plaintiffs' ERISA and LMRA claims; and

   c. Judicial economy, convenience and fairness to the parties will result if the Court assumes and exercises pendent jurisdiction over Plaintiffs' Fourth and Fifth Claims for Relief.

## FIRST CLAIM FOR RELIEF

### INTERLOCUTORY RELIEF OF AUDIT OF RECORDS

19. Plaintiffs re-allege paragraphs 1 through 18 above as if fully set forth herein.

20. The terms of the Trust Agreements provide that the Trustees or their representative may require an Employer to submit to them such records as may be necessary to determine whether the Employer has made full and accurate payment of all sums required and filed all required reports with the Trust.

21. Vitro Electric should be required to submit such records and information as may be required by the Trust Funds. The audit is necessary to determine the accurate amount owing to the Trust funds for the period from June 1, 2018 to the present.

22. Demand was made upon Vitro Electric for production of records as may be necessary to determine whether Vitro Electric made full and accurate payment of all sums required and filed accurate reports with the Trust. Vitro Electric failed to comply with the request.

23. The Trust Agreement provides that in the event that the employer caused the Trustees to initiate legal proceedings due the employer's refusal to permit an examination or provide necessary documentation, then such Employer shall reimburse the Trust for the cost of the payroll examination and for the attorney fees incurred in addition to any other obligations the employer may have.

24.     In the event that the audit determines there are unpaid contributions, under the provisions of 29 U.S.C. § 1132 (g) and pursuant to the terms of the plaintiffs' Trust Agreements, as amended, by reason of Vitro Electric's failure to make payments by the due date, Vitro Electric will be obligated to pay liquidated damages and interest upon the unpaid contributions to Plaintiff which are calculated as set forth under the provisions of the Trust Agreement.

25      Plaintiffs are entitled to their reasonable attorney's fees incurred herein pursuant to the provisions of 29 U.S.C. § 1132(g)(1) and pursuant to the terms of the Trust Agreements, as amended.

26.     Plaintiffs are entitled to an Interlocutory Order of the Court requiring Defendant to produce all books and records of Vitro Electric which are necessary for Plaintiff's auditor to complete a full and accurate audit.

## SECOND CLAIM FOR RELIEF

## RELIEF UPON AUDIT FINDINGS

27.     Plaintiffs re-allege paragraphs 1 through 26 above as if fully set forth herein.

28.     In the event that a discrepancy or shortage in reporting or contributions is revealed by the review of the books and records of Vitro Electric, the Plaintiffs seek entry of Judgment against Defendant for any delinquent contributions due, audit costs, liquidated damages, interest, attorney fees and Plaintiffs' costs and disbursements incurred herein.

## THIRD CLAIM FOR RELIEF

## (ERISA ACTION FOR OUTSTANDING TRUST FUND CONTRIBUTIONS AND SPECIFIC ENFORCEMENT OF THE CBA)

29.     Plaintiffs re-allege and incorporate by this reference paragraphs 1 through 28 of this complaint as if set forth in full.

30. Under the terms of the CBAs, Vitro Electric agreed to report labor performed by its employees and pay all contribution and withholdings required under the CBAs and applicable Trust Agreements.

31. Under the CBAs, Vitro Electric also agreed:

   a. To file contribution reports for each period of covered employment;

   b. To pay contributions and amounts owing by the fifteenth (15th) day of the month following each applicable period;

   c. To pay liquidated damages to the Trust Funds for each month of delinquent contributions;

   d. To pay interest at the rate of ten per cent per annum from the date contributions were due, until paid; and

   e. To pay reasonable attorney fees and costs for all collection efforts.

32. Defendant Vitro Electric failed to timely file reporting or properly fund reports as required under the terms of the CBAs for the hours worked in June and July 2019.

33. The total underpayment of contributions estimated for June and July 2019 by Defendant is in the sum of $125,000.00, all of which remains outstanding and unpaid.

34. Based upon the estimated unpaid contributions Vitro Electric owes to the Trust Funds, liquidated damages to which the Trust Funds are entitled under the Agreements and under 29 USC § 1132(g)(2) are in the sum of $25,000.00.

35. Based upon the unpaid contributions owing to the Trust Funds under 29 USC § 1132(g) (2) and the Trust Agreements now due and owing from Vitro Electric is interest on the unpaid contributions at the rate of ten (10.0%) percent per annum from the date contributions were due until paid.

36. The Trust Agreements which govern the Trust Funds provide that in the event that defendant Vitro Electric fails to pay employee benefit contributions and legal proceedings are instituted, the Trust Funds are entitled to recover a reasonable attorney fee and all their costs to be determined herein. Plaintiffs are also entitled to their reasonable attorney fees and costs under the provisions of 29 USC § 1132(g) (2).

## FOURTH CLAIM FOR RELIEF

## PENDANT CLAIM FOR LIQUIDATED DAMAGES

37. Plaintiffs re-allege paragraphs 1 through 36 above as if fully set forth herein.

38. Under the terms of the collective bargaining agreements between Vitro Electric and IBEW L. 48 and the terms of the Trust Agreements of the Trust Funds, Vitro Electric agrees to make payments for fringe benefits as provided for in said agreements each month on behalf of each employee covered by the collective bargaining agreements. Vitro Electric agrees thereby to be bound by the terms of the Trust Agreements and the acts and determinations of the Trustees.

39. The Trust Agreements provide that contributions for employee benefits for each calendar month are due on the 15th day of the month following the month in which the hours are worked and payment is delinquent if not received by the close of business on the fifteenth of the month. The Trust Agreements also provides that in the event that the contributions for employee benefits are delinquent, the delinquent employer becomes liable for interest on the outstanding contributions at the rate of 10% per annum from the date due until paid; liquidated damages, collection costs, and reasonable attorney fees and costs.

40. At the time the Trust Agreements were written it was impractical and extremely difficult to fix the amount of damages or harm that would be caused to the Trust Fund by the failure of an employer to properly and timely pay contributions. The Trust Agreements provide

that in the event that contributions have been received but a payment of liquidated damages in a sum fixed under the Trust Agreement and interest shall be due.

41. Vitro Electric failed to pay contributions due and owing to the Trust Funds for the months of December 2018, February 2019, April 2019 and May 2019 timely and was delinquent and breached the terms and provisions of the Trust Agreement, and liquidated damages are now due.

42. As a result of Vitro Electric's delinquency and breach of the Trust Agreement, Vitro Electric owes the Trust Funds the sum of $18,773.23 as liquidated damages and $318.81 in interest through July 19, 2019. Interest is also due pursuant to 29 USC § 1002 *et seq*. To date, and despite demand for payment, Vitro Electric has failed to pay these amounts.

43. Based on the terms of the Trust Agreement and the CBA, Plaintiffs are also entitled to recover reasonable attorneys' fees and collection costs from Vitro Electric.

## FIFTH CLAIM FOR RELIEF

### (PENDANT CLAIM FOR BREACH OF CONTRACT)

44. Plaintiffs re-allege paragraphs 1 through 43 above as if fully set forth herein.

45. The CBAs provide that the Audit Committee shall enforce collection of and Vitro Electric shall pay wage withholding and forward to the Audit Committee's collection agent, certain amounts due to employees for union dues, Political Action Committee contributions, and vacation funds.

46. The CBAs provide that Vitro Electric shall pay to the Audit Committee's collection agent certain amounts due to employees for Administrative Fund contributions.

47. The amounts due for union dues, the Political Action Committee contributions, vacation funds and the Administrative Fund are due and payable on the 15th day of the month

following the month in which the hours were worked and wages were earned which form the basis of the calculation of the amounts due.

48. For the months of June and July 2019, Vitro Electric neither reported nor paid the wages withheld or the sums due for: union dues, the Political Action Committee contributions, vacation funds, and Administrative Funds in the estimated amount of $8,000.00 per month or the total amount of $16,000.00.

49. Pursuant to ORS 82.010 *et seq* monies which become due and owing bear interest at the rate of nine percent per annum. Interest accrues daily on the total amount due for PAC, union dues, vacation funds, and Administrative Funds at the rate of nine percent (9%) per annum. Plaintiff should be awarded interest on the balance due for wages withheld and/or due from the date due until Judgment is obtained at the rate of nine percent (9%) per annum.

WHEREFORE, plaintiffs pray for judgment against Vitro Electric as follows:

1. Under the First Claim for Relief from Vitro Electric:

    a. An Interlocutory Order requiring Defendant to produce all books, records, payroll journals, governmental filings related to payroll taxes and income taxes, general check register, time cards, cash disbursements journal, project invoices, bank records, and any and all other papers and reports related to work performed by employees or members of Vitro Electric for examination by Plaintiffs' auditor and any other business records of Defendant for the period June 1, 2018 to the present required by Plaintiffs' auditor to complete a full and accurate payroll examination; and

2. Under the Second and Third Claims for Relief from Vitro Electric:

      a.    After the payroll examination has been completed, Plaintiffs request the opportunity to seek entry of Judgment against Defendant for the amount of the delinquent contributions due;

      b.    For the liquidated damages due arising from the non-payment of contributions; and

      c.    For interest arising from the late payment of calculated at the rate of ten per cent per annum from the date each payment was due for each month through the date of Judgment; and

      d.    For audit costs incurred in determining the contributions due.

3.    Under the Fourth Claim for Relief against defendant Vitro Electric:

      a.    For liquidated damages due arising from the non-payment of contributions in the sum or $18,773.23; and

      b.    For interest arising from the late payment of calculated at the rate of 10% per annum from the date payment was due for each month through the date payment is received.

4.    Under the Fifth Claim for Relief against Vitro Electric, L.L.C.:

      a.    For wage withholdings in the estimated sum of $8,000.00; and

      b.    For interest at the rate of nine percent per annum or calculated from the date each payment was due through the date of Judgment.

///

///

///

///

5. Under all claims for relief above, for Plaintiff's reasonable attorney fees and costs and disbursements incurred herein.

DATED this __14th__ day of August 2019.

>BENNETT HARTMAN, LLP
>
>/s/ Linda J. Larkin
>Linda J. Larkin, OSB No. 792954
>Telephone: 503-227-4600
>E-Mail: linda@bennetthartman.com
>Attorney for All Plaintiff